UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

In re:

    Northside Tower Realty, LLC,

        Debtor.

--------------------------------------X

Case No.: 1-10-42080-dem
Chapter 11


## MEMORANDUM OF LAW OF EVEREST NATIONAL INSURANCE COMPANY AND UTC RISK MANAGEMENT SERVICES, INC. IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY


Of Counsel:

    Sue C. Jacobs, Esq.
    Thomas J. Cirone, Esq.

GOODMAN & JACOBS LLP
75 BROAD STREET - 30TH FLOOR
NEW YORK, NEW YORK 10004
——
(212) 385-1191

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
                                    Case No.: 1-10-42080-dem
In re:                              Chapter 11

        Northside Tower Realty, LLC,

                Debtor.

--------------------------------------X

### MEMORANDUM OF LAW OF EVEREST NATIONAL INSURANCE COMPANY AND UTC RISK MANAGEMENT SERVICES, INC. IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY

Everest National Insurance Company ("Everest") and UTC Risk Management Services, Inc. ("UTC") (collectively, "Movants") respectfully submit this Memorandum of Law in support of their motion for relief from the automatic stay.

### PRELIMINARY STATEMENT

Debtor Northside Tower Realty, LLC ("Debtor" or "Northside Tower") is a plaintiff in pre-petition insurance declaratory judgment action currently pending in Supreme Court, Kings County that arises from an underlying personal injury action. Movants are defendants in Debtor's declaratory judgment action. Movants' defense in the declaratory judgment action includes counterclaims seeking a declaration that Movants are not obligated to defend or indemnify Debtor. Movants filed a motion

for summary judgment pre-petition seeking dismissal of Debtor's claims and a declaration that they are not obligated to defend and indemnify Debtor in the underlying personal injury action which is pending. The insurance policy at issue in the declaratory judgment action was not issued to Debtor but rather to a co-defendant in the declaratory judgment action. Because the coverage action was brought by Debtor (not Movants) pre-petition, it is not subject to a stay under 11 U.S.C. 362. Accordingly, Movants respectfully request that the Court grant them relief from the automatic stay so that Supreme Court, Kings County may rule on Movants' pending summary judgment motion and otherwise resolve this dispute over insurance coverage.

## FACTS

The facts are set forth in the accompanying Declaration of Thomas J. Cirone, dated May 18, 2010, and the exhibits annexed thereto which include the verified pleadings and affidavits submitted in support of Movants' pending summary judgment motion.

## A.    The Underlying Personal Injury Action

The underlying personal injury action is entitled Francisco Garcia v. Blue Diamond Construction Corp. et al. v. SNG Brick

and Stone, Inc., Index No. 26125/08, and is venued in the Supreme Court of the State of New York in and for the County of Kings. (Dec. Exh. A, Exh. A).[1] Francisco Garcia alleges that he fell from a scaffolding at a construction project and sustained personal injuries. (Id., Exh. C, Exh. A, ¶ 12). Garcia alleges he was an employee of SNG Brick and Stone, Inc. ("SNG"); Debtor Northside Tower was the owner of the premises; and Blue Diamond Construction Corp. ("Blue Diamond") was the general contractor for the construction project (Id., Exh. C, Exh. A, ¶¶ 4, 8, 12). Garcia seeks money damages against Blue Diamond and Debtor based on alleged violations of the Labor Law and common law negligence (Id., Exh. C, Exh. A, ¶¶ 15-22). The underlying personal injury action has been ready for trial since July, 2009 (Id., ¶ 3).

B.   The Declaratory Judgment Action

On May 8, 2009, Debtor and Blue Diamond commenced their declaratory judgment action entitled Blue Diamond Group Corp. and Northside Tower Realty, LLC, v. SNG Brick and Stone, Inc., Everest National Insurance Company and UTC Risk Management Services, Inc., Index No. 11277/09, in Supreme Court, Kings County (the "declaratory judgment action") (Id., Exh. A). Debtor and Blue Diamond wrongly allege that they are additional

---

[1] References to the accompanying Declaration of Thomas J. Cirone, dated May ___, 2010, and the exhibits shall be made as "Dec. ¶ ___" and "Dec. Exh. ___, Exh. ___".

3

insureds under a liability insurance policy Everest issued to SNG, Garcia's employer. (Id.). Their Verified Complaint contains five causes of action, purporting to sound in breach of contract and bad faith and seeking compensatory and punitive damages and a declaration that Everest is obligated to defend and indemnify Debtor and Blue Diamond in the underlying personal injury action (Id.).

Everest and UTC, Everest's third-party claims administrator, timely answered the Verified Complaint and asserted counterclaims against Blue Diamond and Debtor. (Dec. Exh. B). Everest and UTC seek a declaration that they are not obligated to defend and indemnify Debtor and Blue Diamond under the terms of the commercial general liability insurance policy, policy no. 6900001307-02, that Everest issued to SNG for the period November 2, 2007 to November 2, 2008 (the "Everest Policy") (Thorpe Aff. Exh. A).[2] Specifically, Everest and UTC aver that Debtor is not an insured or an additional insured because:

i) Debtor does not fall within the definition of "Who Is An Insured" under the Everest Policy because there was

---

[2] The Affidavit of John Purpura, sworn to on December 15, 2009 and the Affidavit of Maria Thorpe, sworn to on January 7, 2010, are annexed to Everest's moving papers which is Exhibit C of the accompanying Declaration.

nothing "on file" with Everest pre-dating the occurrence that added Debtor as an "additional insured" as required by the Additional Insured – Owners, Lesees or Contractor-Scheduled Person or Organization endorsement of the Everest Policy'

ii) SNG is not entitled to coverage under the Everest Policy; and

iii) even if it were an insured or additional insured, Debtor breached the notice provisions of the Everest Policy by failing to notify Everest of the occurrence "as soon as practicable."

(Dec. Exh. B).

Pre-petition, Everest and UTC served discovery demands on Debtor and Blue Diamond to which neither Debtor nor Blue Diamond responded (Id. ¶ 5). By notice of motion dated January 13, 2010, Everest and UTC moved for summary judgment dismissing the claims against them and declaring that Everest and UTC are not obligated to defend and indemnify Debtor and Blue Diamond in the underlying action. (Id. Exh. C).

Everest established in its moving papers that Everest and UTC properly disclaimed coverage for the reasons set forth in UTCs denial letters dated November 3, 2008 (Thorpe Aff.). Everest established that no request to add Debtor or Blue Diamond as additional insureds was ever made to UTC (Id.). Everest and UTC also established that Debtor failed to notify Everest about the accident that is the basis of the underlying personal injury action "as soon as practicable" as required by the Everest Policy and New York precedent (Id. Exh. C, Purpura Aff.).

Everest and UTC served their moving papers in January 2010—long before Debtor's bankruptcy petition was filed; however to date, neither Debtor nor Blue Diamond have responded to the summary judgment motion (Dec. ¶ 6, 7). The Honorable Wayne P. Saita administratively adjourned the summary judgment motion from its original return date in February, 2010, to March 3, 2010 and then to April 29, 2010; the motion is presently returnable July 29, 2010. (Id. ¶ 6). Debtor filed this Chapter 11 proceeding on March 15, 2010.

ARGUMENT

Movants respectfully submit that it would be a provident

exercise of the Court's discretion to permit the coverage action to proceed in State Court where a summary judgment motion is already pending. Doing so will facilitate the resolution of this proceeding because the size of Debtor's estate will be determined expeditiously thereby enabling the Court to approve a reorganization plan promptly.[3] Moreover, Movants submit that the declaratory judgment action filed by Debtor prior to the filing of its petition is not subject to the stay provisions dictated by 11 U.S.C. 362.

A.  Due Process and Fundamental Fairness Require Movants Be Allowed to Defend Themselves Against Debtor's Claims

It would be fundamentally unfair and violative of Movants' rights to due process of law for Debtor to prosecute its claims against Movants while Movants are barred from fully defending themselves. The automatic stay, 11 U.S.C. § 362(a)(1), enjoins the commencement or continuation of lawsuits **against the debtor**. Koolik v. Markowitz, 40 F.3d 567, 568 (2d Cir.1994). It does

---

[3] Although well-settled that a debtor's own liability insurance policies, those issued by an insurer to the debtor, are property of the debtor's estate and therefore subject to the automatic stay, the Everest Policy was issued to SNG, not the debtor. Movants respectfully urge the Court to hold that the automatic stay does not apply because the Everest Policy is not part of the Debtor's estate. See e.g., In Re Adelphia Communications Corp., 298 B.R. 49, 53 (S.D.N.Y 2003). SNG has rights under the Everest Policy independent of any rights Debtor claims to have inasmuch as SNG may at a later date seek defense and indemnity under the Everest Policy for an occurrence unrelated to the underlying personal injury action. SNG therefore has an interest in the prompt adjudication of coverage issues involving the underlying personal injury action to the extent they may impact the availability of coverage under the Everest Policy in the future.

not stay the prosecution of claims brought **by the debtor**. <u>See</u> <u>also</u>: <u>Olick v. Parker & Parsely Petroleum Co.</u>, 145 F.3d 513, 516 (2d Cir.1998); <u>In re Intercorp Intern., Ltd.</u>, 309 B.R. 686, 695 (Bankr. S.D.N.Y. 2004) (holding that "the automatic stay did not apply" where "[t]he debtor was the plaintiff"); <u>Wills Motors, Inc. v. Volvo North America Corp.</u>, 131 B.R. 263, 266 (S.D.N.Y. 1991) (finding that the automatic stay did not apply to an action brought pre-petition "by the debtor as a plaintiff against the defendant" because the stay "enjoins the commencement or continuation of all litigation **against a debtor** based on pre-petition claims") (emphasis added).

Bankruptcy courts do not countenance such unfairness as to preclude a party from continuing to defend itself against pre-petition claims of the debtor. In <u>In Re White</u>, 186 B.R.700 (BAP 9th Cir. 1995), the court held a defendant in a pre-petition action commenced by debtor did not violate the automatic stay by seeking dismissal of the action. The court recognized the fundamental unfairness of permitting the debtor to prosecute its claims while the stay handicapped defendant's defense. Relying on <u>In Re Merrick</u>, 175 B.R. 333 (9th Cir BAP 1994), the court held:

> Out of fairness, the defendant should be
> allowed to defend himself from attack, and
> "[t]he automatic stay should not tie the

8

> hands of a defendant while the plaintiff
> debtor is given free rein to litigate."

In Re White, 186 B.R. at 706. (Citation omitted). In In Re Merrick, 175 B.R. at 338, where the court held the defendant in a pre-petition state court action did not violate the automatic stay by prosecuting its motion for summary judgment, it observed:

> Given this freedom for the debtor or the
> trustee to prosecute the debtor's claims, an
> equitable principle of fairness requires a
> defendant to be allowed to defend himself
> from the attack without imposing on him a
> gratuitous impediment in dealing with an
> adversary who suffers no correlative
> constraint. The automatic stay should not
> tie the hands of a defendant while the
> plaintiff debtor is given free rein to
> litigate.

See also: Eisinger v. Way (In re Way), 229 B.R. 11, 14 (B.A.P. 9th Cir. 1998) (defendants did not violate the automatic stay by obtaining the post-petition dismissal of a lawsuit because "out of fairness a defendant should be allowed to defend himself from attack"); Gordon v. Whitmore (In re Merrick), 175 B.R. 333, 337-38 & 337 n.6 (B.A.P. 9th Cir. 1994) (the automatic stay does not prevent a defendant from continuing to defend a pre-bankruptcy lawsuit by filing motions for summary judgment); In re OMNA Med. Partners, Inc., 2000 WL 33712302, at *3-4 (Bankr. D. Del. 2000) (recognizing that a state court action commenced by a debtor

pre-petition was not affected by the automatic stay and that it "is fundamentally unfair to allow the Debtor to proceed with state court litigation, but not to allow the Defendants to proceed with related litigation"). As courts interpreting the automatic stay observe, this is both a matter of clear statutory language and fundamental fairness. See, e.g., In re Way, 229 B.R. at 14; In re OMNA Med. Partners, 2000 WL 33702302 at *3-4.

For all these reasons, Movants submit that (a) the automatic stay does not apply to the underlying declaratory judgment action and (b) even if the stay initially applied, it would be fundamentally unfair and violative of Movants' due process rights not to lift the automatic stay so that Movants can fully defend themselves against Debtor's pre-petition claims.

B.   Movants Have Standing to Move For Relief from the Stay

11 U.S.C. 362(d)(1) provides that:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. Section 362. A liability insurer is a "party in interest" and therefore has standing to seek relief from an automatic stay. In Re Johns-Manville Corp., 31 B.R. 965, 970-971 (S.D.N.Y. 1983) (holding that liability insurer had standing to move for relief from stay of insurance declaratory judgment action). In In Re Johns-Manville Corp., the court recognized that a liability insurer would stand in the shoes of the debtor if it were held that the insurer had an indemnity obligation to the debtor: "if [insurer] CU is held to be an insurer of [debtor] J-M's liability for disease, CU may be regarded as a debtor of the debtor." Id. at 971. As such, the court held a liability insurer is a "party in interest" with standing to seek relief from the stay pursuant to 11 U.S.C. 362(d). Indeed, "[i]f CU cannot seek relief from the stay, no stratagem exists whereby another may do so for CU's benefit." Id.

Here, Movants asserted counterclaims against Debtor seeking a declaratory judgment of no coverage for the underlying action (Dec. Exh. B). Based on Johns-Manville, Movants have the requisite standing to seek the requisite relief from the Court to have the stay of the declaratory judgment action lifted.

11

C. The Bankruptcy Court Has Discretion To Permit
An Insurance Declaratory Judgment Action to Proceed

Lifting an automatic stay to allow an insurance declaratory judgment action to proceed is within the discretion of the bankruptcy court. In In Re Dolphinite, 355 B.R. 391 (Bankr. D.Mass. 2006), the court held that "cause" existed to allow the debtor's liability insurer to continue the prosecution of its declaratory judgment action pending in district court. In In Re Dolphinite, the trustee sought to pursue a direct action against the liability insurer prior to a judgment against the debtor. Because the state laws of both jurisdictions with an interest in the proceeding barred direct actions against insurers prior to obtaining a judgment against its insured, the court dismissed the trustee's direct action complaint and permitted the insurer's declaratory judgment action, in which the insurer sought a determination as to whether the claimed loss was excluded from the insurance policy, to proceed.[4] See also: Peerless Insurance Co. v. Rivera, 208 B.R. 313 (D. Rhode Island 1997) (reversing bankruptcy court's denial of insurer's relief from stay where bankruptcy filing made on eve of trial of

---

[4] New York law would not permit the plaintiff in the underlying action to prosecute a direct action against an insurer before the claimant obtains a judgment against the insured because the Everest Policy was issued before the effective date of the July 23, 2008 amendments to the insurance law. See: Insurance Law Section 3420(a)(6).

declaratory judgment action). As set forth below, the circumstances here warrant relief from the stay.

D.   "Cause" Exists to Lift the Automatic Stay

In determining whether "cause" exists to grant relief from a stay, the court must consider multiple factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claims arising from the other action is subject to equitable subordination; (9) whether a movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

In Re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990). Not all of the factors are relevant in every case, In Re Mazzeo, 167 F.3d 139, 143 (2d Cir. 1999), and the court need not assign equal weight to each factor.  Keene Corp., 171 B.R. 180,

13

183 (Bankr. S.D.N.Y. 1994). Whether "cause" exists must be determined on a case-by-case basis. In Re First Con. Fin. Corp., 269 B.R. 502 (Bankr. E.D.N.Y. 1992).

1. **The Declaratory Judgment Action Will Resolve Issues Relating to Debtor's Rights Under the Everest Policy**

Before reorganization proceedings can be resolved, the court must resolve whether insurance coverage is available to satisfy a potential judgment against the debtor in the underlying personal injury action. See e.g., In Re Elegant Concepts, 61 B.R. 723 (Bankr. E.D.N.Y. 1986) (lifting stay to allow state court to determine rights and obligations of debtor and creditor). Movants respectfully submit that the declaratory judgment action will resolve whether the Everest Policy provides indemnity coverage to Debtor for the underlying personal injury action, and will, therefore, completely resolve the critical issues of whether Debtor is entitled to insurance coverage for its alleged liability in the underlying personal injury action.

2. **The Declaratory Judgment Action Will Not Interfere With the Bankruptcy Proceeding**

Movants respectfully submit that permitting the declaratory judgment action to proceed will aid the bankruptcy proceeding to the extent that it will expedite reorganization. The continued

litigation of the declaratory judgment action will not interfere with the bankruptcy proceedings currently pending before this Court.

3.   State Courts Routinely Preside Over
     Matters Involving Insurance Coverage

Although resolution of an insurance dispute does not require specialized knowledge and is not beyond the ken of the bankruptcy court, Movants respectfully submit that because state courts routinely preside over coverage disputes, the declaratory judgment action should be resolved there.

4.   The Declaratory Judgment Action Involves Multiple Parties

Debtor is not the sole plaintiff or counterclaim-defendant in the declaratory judgment action. As noted above, contractor Blue Diamond is a plaintiff and counterclaim defendant and SNG, the entity to which Everest issued the Everest Policy, are also parties. All of the parties to the declaratory judgment action have an interest in its prompt resolution which should not be delayed by Debtor.

5.   Judicial Economy Favors Lifting the Stay

Movants moved for summary judgment before Debtor commenced these proceedings. As detailed above, Debtor did not oppose the

motion. Movants respectfully submit that, to the extent a summary judgment motion is pending, a prompt resolution of the insurance coverage issue is possible and that possibility militates in favor of lifting the stay.

## CONCLUSION

WHEREFORE, Everest National Insurance Company and UTC Risk Management Services, Inc. respectfully request that the Court enter an Order lifting the automatic stay to allow the declaratory judgment action to proceed in State Court.

Dated:    New York, New York
         May 18, 2010

                                      GOODMAN & JACOBS LLP
                                      Attorneys for Everest National
                                      Insurance Company and UTC Risk
                                      Management Services, Inc.

                                      By:   Sue C. Jacobs (SC0929)
                                                Thomas J. Cirone (TC1510)

                                      75 Broad Street – 30th Floor
                                      New York, New York 10004

cc:    Marc A. Pergament, Esq.
       Weinberg Gross & Pergament LLP
       Attorneys for Debtor
       Northside Tower Realty, LLC
       400 Garden City Plaza
       Garden City, New York 11530
       (516) 877-2424

       Ms. Diana G. Adams
       Office of the United States Trustee
       271 Cadman Plaza East
       Suite 4529
       Brooklyn, New York 11201
       (718) 422-4960

       Malvina Lin, Esq.
       Malvina Lin P.C.
       Attorneys for Defendant SNG Brick and Stone, Inc.
       in the Declaratory Judgment Action
       1203 Avenue J Suite 4B
       Brooklyn, NY 11230
       (718) 377-3500

       Faust Goetz Schenker & Blee
       Attorneys for Plaintiffs
       in the Declaratory Judgment Action
       Two Rector Street 20th Floor
       New York, NY 10006
       (212) 363-6900